**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID C. LETTIERI,

    Plaintiff - Appellant,

v.

HOSTESS BRANDS, LLC,

    Defendant - Appellee.

No. 25-3005
(D.C. No. 5:24-CV-03064-JWL)
(D. Kan.)

### ORDER AND JUDGMENT[*]

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

Proceeding pro se, David C. Lettieri alleged that Hostess Brands, LLC inadequately labeled one of its food products in violation of federal and state laws. The district court dismissed his suit for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). He appeals and he also seeks to proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grant his motion to proceed IFP, but we affirm the district court's dismissal of his claims.

## BACKGROUND

In his complaint, Lettieri alleges that the packaging for Hostess's "Cloverhill Bearclaw Danish Dutch Apple" lacks certain nutritional information. R. vol. I, at 20, 22. For example, he alleges that the product's packaging does not provide the "daily percentage value for total sugars" or information about vitamin B1, vitamin B3, and folic acid. *Id.* at 22. Challenging the lack of that and other nutritional information, he brought eight claims: (1) deceptive business acts in violation of New York General Business Law § 349(a); (2) false advertising in violation of New York General Business Law § 350; (3) negligently misleading information in violation of New York's Standards for Enriched Foods; (4) breach of contract; (5) breach of the duty of care; (6) false or misleading label in violation of 21 U.S.C. § 343(a); (7) lack of nutrition information in violation of 21 U.S.C. § 343(q); and (8) violations of 7 U.S.C. §§ 3401–17.[1] *Id.* at 23–25.

For each claim, he sought money damages and an injunction requiring Hostess "to put the nutrition facts on [the] package." *Id.* at 19, 26. The district

---

[1] Lettieri filed his complaint using the form for 42 U.S.C. § 1983 actions. But § 1983 requires a violation of a federal right committed by a person acting "under color" of state law. And Lettieri makes no allegation that Hostess acted under color of state law. As the district court noted, "[i]t appears he mistakenly used the § 1983 form." *Lettieri v. Hostess Brands, LLC*, No. 5:24-CV-03064-JWL, 2024 WL 3677534, at *1 n.1 (D. Kan. Aug. 2, 2024).

court dismissed Lettieri's complaint for failing to state a claim because Lettieri pointed to no authority requiring that Hostess include the sought-after nutritional information on the product's packaging. *See Lettieri v. Hostess Brands, LLC*, No. 5:24-CV-03064-JWL, 2024 WL 3677534, at *2–3 (D. Kan. Aug. 2, 2024). Lettieri timely appealed.[2]

### DISCUSSION

We review de novo dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), applying the same standard of review as under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). That standard requires specific allegations sufficient to "plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted). Because Lettieri proceeds pro se, we construe his pleadings liberally without acting as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

As the district court highlighted, Lettieri alleges that the product's packaging lacks nutritional information that he believes federal and state law requires.[3] *See Lettieri*, 2024 WL 3677534, at *2 ("The crux of [Lettieri's] claim

---

[2] Lettieri filed a timely notice of appeal under the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1)(A)(ii).

[3] Lettieri does not plausibly allege that the package's information is false. The thrust of his complaint is that Hostess has breached its duties, engaged in false advertising, and deceived him because the packaging *lacks* allegedly necessary nutritional information. *See* Op. Br. at 3 (reiterating that the package

(*footnote continued*)

3

is that the nutritional label on the Product does not contain some information he believes should be there."). So his claims depend on his plausibly alleging that Hostess needed to include the sought-after nutritional information on the product's packaging.

We agree with the district court that Lettieri's complaint fails to allege that the packaging lacked nutritional information as required by federal or state law. *See id.* at *2 ("Plaintiff points to no authority *requiring* that this additional nutritional information be included on the label, and the Court has found none.). On appeal, Lettieri relies on 21 U.S.C. § 343(q)(1)(E).[4] *See* Op. Br. at 1 (restating the statute); *id.* at 3–5 (arguing that § 343 also establishes his state-law claims, because the state laws allegedly incorporate § 343's substantive provisions). That statute provides that food shall be deemed to be misbranded unless its packaging bears nutritional information that the Secretary of Health and Human Services has determined would "assist consumers in maintaining healthy dietary practices." § 343(q)(1)(E). But Lettieri does not allege that the Secretary has determined that the sought-after nutritional information needs to be on the product's label, nor does he adequately allege why he thinks the

_____

is "clearly misleading by not having" certain nutritional information); *id.* (asserting that Hostess's failure to "put[] the grams and percentages of the vitamins" on the package violated the law); *id.* at 5 (contending that the "mere [f]act of not knowing the proper vitamins" injured him).

[4] The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, prohibits the "misbranding of any food," § 331(b), and authorizes federal courts to "restrain violations" of that prohibition through injunctive relief, § 332(a).

product contains non-insignificant amounts of certain vitamins and nutrients. *See Lettieri*, 2024 WL 3677534, at *2 (noting that, based on Lettieri's undeveloped complaint, "it appears [Hostess] was merely complying with the law").

Though we liberally construe a pro se plaintiff's filings, "this rule of liberal construction stops . . . at the point at which we begin to serve as his advocate." *Pinson*, 584 F.3d at 975. Without our serving as Lettieri's advocate and filling in crucial blanks, his complaint fails to state a claim.

## CONCLUSION

We grant Lettieri's motion to proceed IFP, but we affirm the district court's dismissal of his claims.

Entered for the Court

Gregory A. Phillips
Circuit Judge